IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 12, 2025

## ROOSEVELT MORRIS v. CHRIS BRUN, WARDEN

**Appeal from the Circuit Court for Hickman County**
No. 24-CV-41          Michael E. Spitzer, Judge

_____

### No. M2025-00209-CCA-R3-HC

_____

The Petitioner, Roosevelt Morris, appeals from the Hickman County Circuit Court's summary dismissal of his petition for a writ of habeas corpus from his convictions for two counts of attempted first degree murder and his effective forty-seven-year sentence. The Petitioner contends that the habeas corpus court erred by dismissing his petition because his sentence was imposed in violation of *Blakely v. Washington*, 542 U.S. 296, 303-04 (2004). We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

Roosevelt Morris, Only, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; William C. Lundy, Assistant Attorney General; and Hans Schwendimann, District Attorney General.

### OPINION

On January 29, 2004, a Shelby County Criminal Court jury convicted the Petitioner of two counts of attempted first degree murder, and the trial court imposed an effective fifty-year sentence after applying four enhancement factors and imposing consecutive service. On appeal, the Petitioner alleged that his sentence was contrary to *Blakely*, which permits sentencing enhancement pursuant to the Sixth Amendment only if the factors relied upon by a trial court are based on facts reflected in a jury verdict or admitted by the accused. 542 U.S. at 303-04. This court affirmed the Petitioner's convictions but modified his effective sentence to forty-seven years after determining that the trial court erred by applying two enhancement factors. *See State v. Roosevelt Morris*, No. W2004-02277-

CCA-MR3-CD, 2005 WL 6235723 (Tenn. Crim. App. Sept. 7, 2005), *no perm. app. filed*. This court also explained that in *State v. Gomez*, 163 S.W.3d 632, 661 (Tenn. 2005) (*Gomez I*), *vacated*, 549 U.S. 1190 (2007), our supreme court determined that our sentencing structure did not violate the Sixth Amendment right to a jury trial pursuant to *Blakely* and that the Petitioner's argument was misplaced. *Roosevelt Morris*, 2005 WL 6235723, at *9.

The Petitioner subsequently filed a petition for post-conviction relief alleging that he received the ineffective assistance of trial counsel and that his sentence violated *Blakely*, which he argued should have applied retroactively. The post-conviction court denied relief, and this court affirmed on appeal. *See Roosevelt Morris v. State*, No. W2008-01449-CCA-R3-PC, 2010 WL 3970371 (Tenn. Crim. App. Oct. 11, 2010), *perm. app. denied* (Tenn. Jan. 13, 2011). This court explained that, at time of the Petitioner's appeal from the conviction proceedings, *Gomez I* was the then-controlling Tennessee law but acknowledged that, subsequently, the United States Supreme Court vacated *Gomez I* and remanded the case for our supreme court's reconsideration in light of *Cunningham v. California*, 549 U.S. 270, 292-94 (2007) (Sentence enhancement based upon judicially determined facts not otherwise reflected by the jury's verdict or admitted by the defendant violates the Sixth Amendment.). Upon remand, our supreme court acknowledged that the Sentencing Act "'failed to satisfy the Sixth Amendment insofar as it allowed a presumptive sentence to be enhanced based on judicially determined facts'" and determined that to the extent the Sentencing Act "'permitted enhancement based on judicially determined facts other than the fact of a prior conviction, it violated the Sixth Amendment as interpreted by the Supreme Court in *Apprendi*, *Blakely*, and *Cunningham*.'" *Roosevelt Morris*, 2010 WL 3970371, at *22 (quoting *State v. Gomez*, 239 S.W.3d 733, 740 (Tenn. 2007) (*Gomez II*)); *see Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury[] and proved beyond a reasonable doubt.").

This court further explained that the Petitioner could not revive the *Blakely* sentencing issue in a collateral proceeding and that "his avenue for *Blakely* relief was to continue to press the claim on direct appeal [from the conviction proceedings] through our supreme court and to the United States Supreme Court." *Roosevelt Morris*, 2010 WL 3970371, at *22. This court concluded that the Petitioner was not entitled to retroactive application of *Blakely* because *Blakely* was filed before the Petitioner's appeal from the conviction proceedings was final and because *Blakely*, *Cunningham*, and *Gomez II* did not announce a new rule of law. *Id.* (citing T.C.A. § 40-30-106(g)(1); *Christopoher N. Orlando v. State*, No. M2008-01621-CCA-R3-PC, 2010 WL 10967, at *3 (Tenn. Crim. App. Jan. 4, 2010); *Bobby Taylor v. State*, No. M2008-00335-CCA-R3-PC, 2009 WL 2047331, at *2 (Tenn. Crim. App. July 14, 2009)). This court stated that the new rule was established by *Apprendi* and that *Blakely*, *Cunningham*, and *Gomez II* "merely clarified the rule." *Roosevelt Morris*, 2010 WL 3970371, at *22. As a result, this court concluded that

-2-

"the rule was available to the Petitioner" on appeal from the conviction proceedings and that post-conviction relief was unavailable. *Id*.; *see* T.C.A. § 40-30-106(g).

On April 28, 2011, the Petitioner sought federal habeas corpus relief, alleging that the trial court erred by enhancing his sentence based upon facts not reflected in the jury verdict or admitted by the Petitioner based upon *Blakely* and its progeny. *See Roosevelt Morris v. Tony Parker*, No. 11-2331-STG-cgc, 2014 WL 2956422 (W.D. Tenn. June 30, 2014) (order), *aff'd* (6th Cir. Aug. 6, 2015). The district court determined that "[a]s the law stands today, [the Petitioner's] sentence violated the Sixth Amendment." *Id*. at *37. The district court, however, determined the "*Blakely* error" was non-structural and subject to a harmless error analysis. *Id*. The district court determined that the error was harmless based upon the record containing "uncontroverted evidence" supporting the application of two enhancement factors applied by the trial court and affirmed by this court on appeal from the conviction proceedings. *Id*. at *38; *see* T.C.A. § 40-35-114(9) (possessing or employing a firearm during the commission of the offenses); -114(12) (the actions of the defendant resulted in serious bodily injury to the victim). Ultimately, the district court concluded that the trial court would have imposed the same sentence absent the *Blakely* error. *Roosevelt Morris*, 2014 WL 2956422, at *39.

On December 10, 2021, the Petitioner filed his first state petition for a writ of habeas corpus, alleging, in relevant part, that pursuant to *Blakely*, the judgments were void because the trial court lacked subject matter jurisdiction to enhance his sentences pursuant to the former sentencing laws. The habeas corpus court summarily dismissed the petition, and this court affirmed on appeal after concluding that the Petitioner's allegations were not cognizable for habeas corpus relief because a *Blakely* violation results in a voidable judgment, not a void judgment. *See Roosevelt Morris v. Jason Clendenion, Warden*, No. M2022-00857-CCA-R3-HC, 2023 WL 4948804, at *2 (Tenn. Crim. App. Aug. 3, 2023), *perm. app. denied* (Tenn. Feb. 13, 2024).

On September 18, 2024, the Petitioner filed the present petition for habeas corpus relief, alleging that his sentences were void based upon the June 30, 2014 United States District Court's order, which stated that "[a]s the law stands today, [the Petitioner's] sentence violated the Sixth Amendment." *Roosevelt Morris*, 2014 WL 2956422, at *37. The Petitioner asserted that pursuant to *Blakely*, the district court's order established the "unconstitutionality and void nature of Tennessee's former presumptive midpoint range sentence enhancing" statute. The habeas corpus court summarily dismissed the petition for the failure to show that the Petitioner's sentence was expired or illegal. This appeal followed.

The Petitioner contends that the habeas corpus court erred by summarily dismissing his petition for relief. He argues that pursuant to *Blakely*, the judgments were void because the trial court lacked subject matter jurisdiction to enhance his sentences pursuant to the

former sentencing laws. The State responds that the court did not err because the Petitioner failed to raise a cognizable claim for habeas corpus relief and, alternatively, that the issue was previously determined in the Petitioner's previous petition for habeas corpus relief.

Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence has expired. T.C.A. § 29-21-101 (2018); *see Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that the defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 161 (Tenn. 1993); *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Post-conviction relief, not habeas corpus relief, is the appropriate avenue of relief for certain voidable judgments. T.C.A. § 40-30-103 (2018); *see Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109 (2012). The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

In the present petition, the Petitioner sought habeas corpus relief on the basis that his sentencing enhancements were illegal pursuant to *Blakely* based upon the United States District Court's determination that the Petitioner's sentence violated the Sixth Amendment. However, our appellate courts have determined that a sentencing error pursuant to *Blakely* "renders a conviction merely voidable rather than void" and that such an allegation is not cognizable for habeas corpus relief. *DeShawn McClenton v. State*, No. W2021-01054-CCA-R3-HC, 2022 WL 3153982, at *4 (Tenn. Crim. App. Aug. 8, 2022), *no perm. app. filed*; *see Roosevelt Morris*, 2023 WL 4948804, at *2; *see also Glenard Cortez Thorne v. Brandon Watwood, Warden*, No. W2024-01594-CCA-R3-HC, 2025 WL 429430, at *2 (Tenn. Crim. App. Feb. 6, 2025) (concluding that challenges to the "underlying sentencing procedures" applied by a trial court are not cognizable claims for habeas corpus relief), *perm. app. denied* (Tenn. Aug. 7, 2025). The habeas corpus court did not err by summarily dismissing the petition.

Furthermore, the Petitioner's *Blakely* issue is essentially the same issue that he raised in his first state habeas corpus petition. *See Roosevelt Morris*, 2023 WL 4948804, at *2. "Unlike the procedures governing the availability of the federal writ of habeas corpus, our procedures do not contemplate that a petitioner may relitigate facts in a habeas corpus proceeding." *State v. Ritchie*, 20 S.W.3d at 633; *see also Jon Douglas Hall v. Ricky Bell, Warden*, No. M2011-00858-CCA-R3-HC, 2012 WL 1366612, at *2 (Tenn. Crim. App. Mar. 16, 2012) ("A previous adjudication of an issue bars a petitioner from raising the same issue in a subsequent petition for habeas corpus relief.") (citation omitted)), *perm. app. denied* (Tenn. Sept. 21, 2012). The Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the habeas corpus court is affirmed.


**s/Robert H. Montgomery, Jr.**
ROBERT H. MONTGOMERY, JR., JUDGE